[No. 20201. In Bank. — July 21, 1886.]

## THE PEOPLE, RESPONDENT, v. CHARLES LOWREY, APPELLANT.

CRIMINAL LAW — VIEW OF LOCUS IN QUO — CANNOT BE MADE IN ABSENCE OF DEFENDANT — CONSTITUTIONAL LAW. — In a criminal prosecution, the defendant is deprived of his constitutional right of appearing and defending in person, and of being confronted with the witnesses against him, if the jury, under the direction of the court, view the *locus in quo* without the presence of the defendant.

ID. — BURGLARY — POSSESSION OF STOLEN ARTICLES — EVIDENCE. — On a trial for burglary, evidence is admissible that articles in the house burglarized on the night of the burglary were found in the possession of the defendant on the following morning several miles from the place where the crime was committed.

APPEAL from the judgment of the Superior Court of Amador County, and from an order refusing a new trial.

The defendant was convicted of burglary in the second degree. Pending the trial, the jury, under the direction of the court, visited the premises alleged to have been burglarized, the defendant not being present when the view was made. This the defendant claimed deprived him of the right secured to him by the constitution of appearing and defending in person, and of being confronted with the witnesses against him. The further facts are stated in the opinion of the court.

*Rust & Caminetti,* for Appellant.

*Attorney-General Marshall, William J. McGee,* and *E. C. Farnsworth,* for Respondent.

LXX. CAL.—13

Ross, J.—The judgment in this case must be reversed upon the authority of *People* v. *Bush*, 68 Cal. 623, decided since the trial of this case in the court below. Anticipating the result, counsel on both sides have asked the court, in the event a new trial should be ordered, to decide whether or not the evidence in the case is sufficient to sustain the verdict. We do not think it proper to do so, for if we should decide that it is, such determination might and probably would be used on the new trial to the prejudice of the defendant.

One other question we are asked to determine, and as that relates to the admission of certain shoes in evidence, it is proper that it should be decided. The crime charged against the defendant is burglary, and the evidence against him circumstantial. There was evidence tending to identify the shoes, and that they were in the house burglarized, and were found in the possession of defendant the next morning some miles from the place where the crime was committed. All this was clearly admissible as tending to connect defendant with the offense.

Judgment and order reversed, and cause remanded for new trial.

McKee, J., Myrick, J., Thornton, J., Sharpstein, J., and McKinstry, J., concurred.